UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x

YESSUH SUHYES HUSSEY,

Plaintiff,

- against -

CITY OF NEW YORK; THE PEOPLE OF THE STATE OF NEW YORK; ENID HEIRS; JANE DOWLING; MARIA J. MIRANDA; ERIC GONZALEZ; JUDGE JOHN HETCH; NEW YORK POLICE DEPARTMENT; P.O. AMAN V. RANA; P.O. ANTHONY GONZALEZ; P.O. CHRISTOPHER WALTERS; P.O. RANDY CHOW; P.O. AHMED MOURAD; DANIEL MINERO; JOHN PAUL DONATO; GERARD TWEED; THOMAS GARITY; ANTONIO RIVERA; DETECTIVE AMIR PALI; DETECTIVE DANIEL ARTEGA; and DETECTIVE JOHN PATRICK HARRIGAN,

Defendants.

-------------------------------------------------------x

**MEMORANDUM & ORDER**
25-CV-6434 (PKC) (JAM)

PAMELA K. CHEN, United States District Judge:

Plaintiff Yessuh Suhyes Hussey, who has previously filed numerous *pro se* actions in this Court,[1] and is presently confined at Mid-Hudson Forensic Psychiatric Center,[2] brings this 230-

[1] Plaintiff has filed 55 cases in this District between October 2022 and April 2023, including 43 cases on the same day. Plaintiff has been warned that the future filing of vexatious and frivolous litigation may result in sanctions, including the imposition of an injunction prohibiting him from making future filings seeking *in forma pauperis* status without leave of the Court. *See, e.g.*, *Hussey v. D'Emic*, No. 23-CV-2752 (PKC), 2023 WL 3984344, at *1 (E.D.N.Y. June 12, 2023) (issuing warning regarding potential filing injunction); *see also In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) ("With respect to civil litigation, courts have recognized that the normal opportunity to initiate lawsuits may be limited once a litigant has demonstrated a clear pattern of abusing the litigation process by filing vexatious and frivolous complaints.").

[2] At the time of filing, Plaintiff was being held at the Otis Bantum Correctional Center (OBCC) on Rikers Island.

page Complaint against the City of New York, the People of the State of New York, Kings County District Attorney Eric Gonzalez, Assistant District Attorneys Jane Dowling and Maria J. Miranda Bravo, Judge John Hecht, the New York City Police Department ("NYPD"), numerous named NYPD officers and detectives, and unidentified John and Jane Doe defendants. (Compl., Dkt. 1, at ECF[3] 1–2.) Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, (Dkt. 11), is granted solely for the purposes of this Memorandum & Order. For the reasons discussed below, the Complaint is dismissed and Plaintiff is granted thirty (30) days to file an amended complaint, if he so chooses.

**BACKGROUND**

Plaintiff's 230-page Complaint is lengthy, excessively detailed, and difficult to understand. The first three pages are handwritten pages that appear to list only caption-type material, such as the names of defendants, the statutes that he brings his claims under, and explanations of why he uses John and Jane Doe names. (*See* Compl., Dkt. 1, at ECF 1–3.) Plaintiff notes multiple times in these pages that this "Civil Action" "Pertains to" "supreme court case: Ind-73820-24/001 and Kings criminal court case: CR-029140-25KN." (*Id.* at ECF 1, 3.) The fourth page of Plaintiff's Complaint is a table of contents listing what each of the items in the remaining 226 pages are, each of which appears to be filings or documents produced in discovery in a state court prosecution. (*Id.* at ECF 4.) Though the Complaint is difficult to parse, it appears that Plaintiff's intention is to seek dismissal of his criminal prosecution.

After Plaintiff filed his Complaint, the Clerk of Court and Magistrate Judge Joseph Marutollo seven times directed Plaintiff to correct certain procedural deficiencies in his Complaint,

[3] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

including the failure to file a motion for leave to proceed *in forma pauperis* or a Prisoner Authorization form. (*See, e.g.*, Dkts. 2, 4; 04/29/2026 Dkt. Order.) Before, and shortly after, he eventually filed a motion for leave to proceed *in forma pauperis* and a Prisoner Authorization form, (Dkts. 11, 12), Plaintiff filed numerous letters, totaling 1,055 additional pages of material beyond the 230-page Complaint, much of which is handwritten, (*see* Dkts. 5, 6, 7, 8, 9, 10, 13.)

## LEGAL STANDARD

When a party seeks to proceed *in forma pauperis*, the Court must review their complaint and dismiss the action if it determines that the case is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). An action is frivolous when either "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy," or "the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citation modified). An action fails to state a claim if it fails to include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, so the Court reads a plaintiff's *pro se* complaint liberally and interprets it to raise the strongest arguments and claims that it suggests. *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011); *see also Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (per curiam) ("This policy of liberally construing *pro se* submissions is driven by the understanding that '[i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" (alteration in original) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983))).

However, the liberal standard applied to pro se actions does not "excuse frivolous or vexatious filings by pro se litigants." *Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 529 n.1 (2d Cir. 2005) (per curiam).

**DISCUSSION**

Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain" a "short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "To satisfy this standard, the complaint must at a minimum 'disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery.'" *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) (citation omitted). This applies to *pro se* plaintiffs as well. *See id.* ("While we construe *pro se* pleadings liberally, the basic requirements of Rule 8 apply to self-represented and counsel alike.") (internal quotations omitted). "When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative, . . . to dismiss the complaint." *Id.* (citation omitted).

"[U]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citation omitted); *see also Washburn v. Kingsborough Community College*, No. 20-CV-0395 (DLI) (RLM), 2022 WL 843733, at *2–3 (E.D.N.Y. Mar. 22, 2022) (dismissing 62-page, 504 paragraph amended complaint for failure to comply with Rule 8); *Komatsu v. City of New York*, No. 20-CV-7046 (ER), 2021 WL 3038498, at *5 (S.D.N.Y. July 16, 2021) (noting that "length is only one consideration under Rule 8," and other issues include "redundancy and frequent frolics into seemingly irrelevant

materials [which] inhibit the [c]ourt and [d]efendants' ability to understand the nature of many of the issues he has raised.").

Here, Plaintiff's Complaint fails to comply with Rule 8. Although the Court can generally discern that Plaintiff seeks to challenge various aspects of his arrests, detention, and state criminal proceedings, the Complaint spans 230 pages, the vast majority of which are handwritten, and refer to numerous individuals and incidents without clearly explaining what occurred, when the events took place, or how each defendant was personally involved in the alleged violations of his rights. Moreover, Plaintiff's additional 1,055 pages of submissions further complicate the pleading by introducing additional allegations and defendants without clarifying the nature of his claims.

Even liberally construing Plaintiff's submissions, the Court cannot reasonably determine the specific claims asserted against each defendant or the relief Plaintiff seeks. The Court should not be required to sift through more than 1,200 pages of disorganized allegations to identify potentially cognizable claims.

Accordingly, because the Complaint does not satisfy Rule 8's requirement of a short and plain statement of his claims, it is dismissed. *See, e.g.*, *Blakely v. Wells*, 209 Fed. App'x 18, 20 (2d Cir. 2006) (summary order) (affirming dismissal of a 57-page and 597-paragraph complaint for prolixity, particularly given that "much of the complaint was incoherent and did not provide [d]efendants with fair notice of the claims asserted against them" (citation omitted)); *Komatsu v. City of New York*, No. 23-CV-5406 (LTS), 2024 WL 1639281, at *6 (S.D.N.Y. Apr. 15, 2024) (noting that plaintiff's 181-page amended complaint did not comply with Rule 8 because it does not provide a short and plain statement of his claims), *reconsideration denied*, 2024 WL 1905786 (S.D.N.Y. Apr. 30, 2024); *Azzarmi v. Neubauer*, No. 20-CV-9155 (KMK), 2022 WL 4357865, at

*4 (S.D.N.Y. Sept. 20, 2022) (dismissing *pro se* complaint pursuant to Rule 8 where the complaint was 204 pages and 1,307 paragraphs in length, and contained another 329 pages of exhibits).

## LEAVE TO AMEND

In light of Plaintiff's *pro se* status, the Court grants him until November 25, 2026 to file an Amended Complaint that complies with Rule 8. Plaintiff must set forth a clear and concise statement of the facts giving rise to his claims. Plaintiff is advised that should he file an amended complaint, he must plead sufficient facts to allege a violation of his constitutional or federal rights and comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a short and plain statement of his claims.

Plaintiff is directed to set forth his factual allegations in numbered paragraphs organized chronologically. Each paragraph should be short and concise and state (1) what is alleged to have occurred; (2) where possible, the date and location that the action is alleged to have occurred; (3) which of the defendants is responsible for the alleged action; and (4) how the alleged action is related to a deprivation of Plaintiff's rights. The amended complaint should omit unnecessary background information, repetitive allegations, and irrelevant legal arguments. Plaintiff must also specify the relief he seeks.

The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Order: 25-CV-6434 (PKC) (JAM). Plaintiff is advised that an amended complaint does not simply add to his prior Complaint or submissions and, once it is filed, it completely replaces the Complaint filed before it.

## CONCLUSION

Accordingly, the Complaint is dismissed for failure to comply with Rule 8(a) of the Federal Rules of Civil Procedure.

Plaintiff is granted until November 25, 2026 to file an amended complaint as detailed above. No summons shall issue at this time, and all further proceedings shall be stayed.

Any amended complaint that Plaintiff elects to file will be reviewed for sufficiency. If Plaintiff fails to file an Amended Complaint by November 25, 2026 or show good cause why he cannot comply, judgment shall enter.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 269 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 26, 2026
Brooklyn, New York